Eugene D'Erbstein v. Commissioner. Marie D'Erbstein v. Commissioner.
Eugene D'Erbstein v. Commissioner
Docket Nos. 7703, 7704.
United States Tax Court
1947 Tax Ct. Memo LEXIS 295; 6 T.C.M. (CCH) 171; T.C.M. (RIA) 47044; February 21, 1947
Herbert Schachian, Esq., for the petitioners. Fred R. Tansill, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion HILL, Judge: Respondent determined deficiencies in petitioners' income tax liability for 1941 as follows: No. 7703 (Eugene)
$2,490.67
No. 7704 (Marie)
2,467.91
The deficiencies result from determinations not here in controversy. Petitioners in their respective petitions claimed as deductions losses of real property located in Poland under the provisions of section 23 (e) or 127 of the Internal Revenue Code which claims were not made on their original returns for 1941. The question is whether such claimed deductions are properly allowable. Petitioners filed separate returns with the collector of internal revenue for the third district of New York. The cases were submitted on oral testimony and exhibits and have been consolidated. Findings of Fact Petitioners are husband and wife residing at the Roosevelt Hotel, New York City. They are naturalized United States citizens, having originally been Polish Nationals. Petitioner Eugene claims to have owned certain real estate situated *297 in Druskieniki, County of Grodno, Province of Bialystock, Poland. Petitioner Marie claims to have owned two pieces of real estate in Poland near Pinsk. One such piece was the estate of Taraz-Wysuse, comprising 5248 hectares and 4474 square meters. The other piece was a country estate, Borowa-Mlynek, P. O. Borowa, Pinsk District. Petitioner Eugene resided in France from 1936 to 1939, inclusive. During this period he made numerous trips to Poland as the representative of a French Railroad Construction Company operating in Poland. He left Poland from such a trip in April, 1939 and has never returned to Poland. At petitioner Eugene's insistence petitioner Marie left Poland in July, 1939 and joined her husband in France. She has never since returned to Poland. Petitioners remained in France until June, 1940 at which time they fled to Portugal to escape the German troops occupying France. From Portugal petitioners proceeded to the United States and have become United States citizens. Petitioners did not claim a deduction on account of the loss of their alleged property in Poland on their 1941 returns. Petitioner Eugene in his petition, however, claims as a deduction for 1941 a loss of *298 his alleged property in Poland of the alleged value of approximately $100,500. Petitioner Marie in her petition claims as a deduction for 1941 the loss of her alleged two properties in Poland of the alleged value of $98,672 and $63,168, respectively. Opinion Petitioners claimed the losses here in question as deductions by virtue of either section 23 (e)(3) or 127 (a)(2) of the Code. Section 23 (e)(3) deals with losses by individuals of nonbusiness property arising from fires, storms, shipwreck or other casualty. Section 127 (a)(2) as here relevant, deems property within an area under the control of an enemy country on the date war with such country was declared by the United States as destroyed or seized on such date and consequently lost at that time. Petitioners claim that they owned real property in Poland on December 11, 1941, that Poland was then controlled by the Germans, and that the United States declared war on Germany on that date. Respondent contends that petitioners have not established ownership or the amounts of the losses. The only witness at the hearing was petitioner Eugene. His knowledge of his and his wife's property in Poland since April, 1939 was of necessity *299 based on hearsay. Petitioner Eugene introduced as an exhibit a certificate dated July 22, 1944 signed by the Polish Vice Consul in New York, which certificate states in part as follows: On the basis of information on hand the Consulate General of the Republic of Poland in New York does hereby certify that Mr. Eugeniusz d'Erbstein, temporarily residing at the Hotel Roosevelt in New York City, is the owner of real properties situated in Druskieniki, county of Grodno, province of Bialystock, Poland, which represent an approximate value of $100,500.00. The problems involved with respect to the evidentiary effect of such a document as proof of ownership as of December 11, 1941, readily suggest themselves. Petitioner Marie introduced as exhibits two documents in Polish accompanied by translations thereof which purport to be official excerpts from the property records kept by the District and Circuit Court at Pinsk. These documents, according to the translations, describe certain real estate, title to which is stated to be in the name of one Marie-Ludwika-Josefa Koelichen, which is apparently petitioner Marie's maiden name. Each of these documents state that the real estate described *300 is subject to certain restrictions and debts. The encumbrances listed are virtually unintelligible to us and were not explained by petitioners. Follows a sample of some of the restrictions and debts listed: under No. 2 - caution that the estate Taraz-Wysusz together with the estate Borowa-Mlynek/Hypothecary No. 1529/ constitute an unit within the meaning of the law enacted on December 28, 1925 pertaining to agricultural reform and is subject to parcellation with the exclusion of an area of 2208 hectares 2313 square meters. * * *
under No. 4 - proviso in regard to security, recorded in part IV under No. 6, in favor of the State Agricultural Bank, Branch in Pinsk. * * *
under No. 8 - recorded agreement pertaining to forestal privileges in favor of Gersz Sznajder. * * *
under No. 6 - the sum of 15.000-slotys in gold as security in favor of the State Agricultural Bank, Branch in Pinsk/Central Office in Warsaw, at No. 50 Nowogrodzka Street/ - safeguarded. * * *
On this state of the record it is abundantly apparent that the proof of ownership by petitioners as of December 11, 1941, or at any other time, is subject to considerable difficulty and doubt, to say *301 the least. Even had petitioners clearly established ownership in, or at some time prior to, 1939, there would remain the question, which the record does not answer, of whether the property was lost by confiscation or otherwise prior to December 11, 1941. In this connection petitioners rely on what they designate as "the age old presumption of continuance" and upon certain documents purporting to be proclamations of the Polish Government in exile relating to property rights of Polish Nationals, which taken together or singly are, on the state of the record, inconclusive of petitioners' ownership of the properties in the taxable year. Aside from the ownership question as above indicated, there is a total absence of evidence with respect to the bases of the properties allegedly lost and hence it is impossible to determine the amount of any loss which may have been sustained by petitioners. We appreciate that there are many difficulties of proof in connection with property situated abroad in war torn areas. And while attempted proof of ownership in the instant case involves certain weaknesses and problems which perhaps the circumstances of the case made inevitable, we do not think the *302 failure to establish any basis or value for the property or to furnish any evidence to enable a measuring of the amount of the loss claimed can be so considered. Regulations 111, section 29.127 (b)-1 provides in part that the amount of war losses under section 127 of the Code is to be determined in the same manner as in the case of other loss by casualty under section 23 (e). Section 23 (i) provides that the basis for loss under 23 (e) shall be the adjusted basis provided by section 113 (b) which adjusts the basis furnished by section 113 (a). In the instant case we have no evidence upon which to determine the basis of the property in question under the above mentioned provision. It does not specifically appear from the record how or when the respective properties in question were acquired by petitioners. It is mentioned that the properties had been in the respective families of petitioners for some generations and from this we might assume that they were acquired by petitioners by inheritance, but there is not a syllable of evidence in the record with respect to the time such properties were acquired by petitioners, or as to their bases for gain or loss in the hands of petitioners. *303 The petitions state certain values for the properties but these pleaded values are wholly unsupported by competent evidence. There is no evidence at all with respect to the value of the properties allegedly owned by petitioner Marie. The only witness of the value of the property claimed to have been lost by petitioner Eugene is contained in the certificate of the Polish Vice Consul quoted above. Petitioner Eugene, as sole witness, did not even restate as his opinion the values mentioned in the petition. We are given very little or no information concerning the character of the properties, their use or the improvements, if any, on them. We do not even know the size of petitioner Eugene's property. Furthermore, as indicated above, petitioner Marie's property appears to have been subject to various debts and restrictions which might well affect the amount of the loss claimed. See in this connection section 127 (b)(2). Under these circumstances it is absolutely impossible for us even to attempt an approximation of proper bases for these properties. Therefore, on the state of the record, we are unable to determine that the alleged loss of the properties occurred in the taxable year or *304 the amount of the loss, if any, sustained. It follows that respondent's determination must be sustained. Decision will be entered for respondent.